## S10A0599. HOGSED v. THE STATE.
### (695 SE2d 269)

BENHAM, Justice.

Appellant Diane Hogsed appeals her conviction for malice murder and possession of a firearm during the commission of a crime.[1] On May 26, 2005, appellant had an argument with her husband outside their Barrow County home. Appellant went into the house, retrieved a gun from the bedroom, came back outside, waved the gun in her unarmed husband's face, and shot him.[2] Thereafter, she called 911 and told the operator she had shot her husband in the chest. When authorities arrived, appellant's husband was dead. The medical examiner testified that appellant's husband died of a single gunshot that pierced his lungs and heart.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it allowed the State to impeach appellant with documents that were obtained outside the scope of a valid warrant. We disagree. At a pre-trial motion to suppress proceeding, the State conceded that police officers' search of appellant's home was overly broad when, while

[1] On August 2, 2005, a Barrow County grand jury indicted appellant for malice murder, two counts of felony murder, voluntary manslaughter, aggravated assault, and possession of a firearm during the commission of a crime. Appellant's jury trial was held February 27-March 8, 2006, and the jury returned a verdict of guilty on all counts except voluntary manslaughter. The jury acquitted appellant of voluntary manslaughter. The trial court sentenced appellant to life in prison for malice murder and five consecutive years for possession of a firearm. The other counts merged and/or were vacated as a matter of law. Appellant timely filed her motion for new trial on April 3, 2006. The motion for new trial was denied on September 17, 2009, and appellant filed a notice of appeal on September 24, 2009. The case was docketed for the January 2010 term of this Court when the record was filed on December 22, 2009. Because oral argument was not requested, the case is considered on the briefs.

[2] At trial, the State played a video to the jury, showing appellant re-enacting the events of May 26, 2005, for authorities. The video was recorded the same day appellant shot the victim. In that video, appellant showed police how she waved a gun at her unarmed husband and shot him.

executing a valid warrant, they removed a white-covered journal and a spiral-bound journal from appellant's home. The State declared it would not use the two journals for its case-in-chief and the trial court agreed.[3] After appellant took the stand in her own defense at trial, however, the trial court admitted appellant's journals to allow the State to cross-examine her on matters she raised during her direct testimony.

OCGA § 24-9-20 (b) provides in pertinent part: ". . . If a defendant testifies, . . . she shall be sworn as any other witness and may be . . . cross-examined as any other witness. . . ." See also *Coleman v. State*, 286 Ga. 291 (9) (687 SE2d 427) (2009). Illegally obtained evidence, or evidence not admissible in the State's case-in-chief, may be used for the limited purpose of impeaching a defendant. *Walder v. United States*, 347 U. S. 62 (74 SC 354, 98 LE 503) (1954). See also *Smith v. State*, 236 Ga. 12 (10) (222 SE2d 308) (1976) (possibly unlawfully-obtained letter which defendant wrote to his wife in his own hand was admissible to impeach his inconsistent trial testimony). In this case, the journals were properly used for impeachment only. Appellant testified that the journals were hers and written by her. After appellant testified on direct that she loved the victim and that she was physically abused by him, the State used the journals to contradict this testimony by questioning appellant about several journal entries, made over the course of 18 months leading to her husband's death, in which she wrote that she wanted to "kill Bill [the victim]," and by questioning appellant about why she failed to mention in her journals any episodes of alleged physical abuse by her husband. Inasmuch as the journals were proffered solely for the impeachment of appellant's direct testimony, there was no error in the trial court's admission of the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2010.

*Mary Erickson*, for appellant.

*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

---

[3] The trial court also ruled that documents (financial and divorce papers) which appellant requested police to retrieve from her home were admissible.